UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA SCOTT, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No.: 1:24-cv-00423-CDB<br><br>ORDER GRANTING STIPULATED REQUEST FOR LEAVE TO FILE CONSOLIDATED COMPLAINT<br><br>(Doc. 46)<br><br>ORDER GRANTING STIPULATED REUEST TO VACATE CASE MANAGEMENT DATES <u>AS MODIFIED</u><br><br>(Doc. 48) |

Plaintiffs initiated this action with the filing of a complaint on April 9, 2024.  (Doc. 2).  On May 12, 2025, the parties in the instant action, in *Scott, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00378-CDB, and in *Estate of Stephen Ingle, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00377-CDB, filed a stipulated request to consolidate the cases.  (Doc. 45).  On June 4, 2025, the Court granted the stipulated request and consolidated these actions for all purposes, with the instant action designated as the lead case.  (Doc. 49).

Pending before the Court are two stipulated requests by the parties, the first seeking leave to amend for Plaintiffs to file a consolidated complaint and the second seeking vacatur of all case management dates.  (Docs. 46, 49).

///

**Stipulation for Leave to File Consolidated Complaint**

On May 19, 2025, Plaintiffs filed a stipulated request for leave to file a consolidated complaint. (Doc. 46). They attach the proposed consolidated complaint to the stipulation. (Doc. 46-1). In their stipulated representations in support of the request, Plaintiffs state that they wish to name the following individuals as defendants: (1) Deputy Isaac Quiroz; (2) Deputy Kyle McKeever; (3) Deputy Jesse Norez; (4) Senior Deputy William Hinkle; (5) Sergeant Robert Winn; (6) Classification Officer Connor Bray; (7) Detentions Sergeant Riley Haislip; (8) RN Jaspreet Singh; (9) RN David Oragwam; and (10) RN Leona Martin-Morales. (Doc. 46 at 3).

The parties represent that counsel for the County Defendants currently named in the action is not at present "authorized to accept service of a complaint on behalf of county employees or former county employees without their consent." (*Id.* at 2). The parties cite California Government Code § 995 and § 995.2 for the proposition that the code sets forth provisions for public employees to seek representation and, if conflicts of interest exist, the employing public entity can elect not to provide a defense. (*Id.*). The parties stipulate that County Defendants shall have 45 days from service within which to file a response to the consolidated complaint. (*Id.* at 3).

For good cause shown, the parties' stipulated request for leave for Plaintiffs to file a consolidated complaint will be granted. *See* Fed. R. Civ. P. 15(a)(2).

**Stipulation to Vacate Case Management Dates**

On May 22, 2025, the parties filed a stipulated request to vacate all case management dates and to set new dates following a scheduling conference. (Doc. 48). The parties represent that the current discovery cut-off date would give newly added Defendant Kern County Hospital Authority ("KCHA") less than one month to conduct discovery after filing of its responsive pleading. They further represent that, "according to the parties' joint stipulation for leave for Plaintiffs to file consolidated complaint, Defendants would have 45 days to file a responsive pleading after service of the consolidated complaint" and, as such, newly added Defendants would not be able to conduct appropriate discovery. (*Id.* at 3). In support of these representations, the parties attach the declarations of counsel for Plaintiffs Denisse O. Gastélum, counsel for KCHA Linda M. Werner, and counsel for County Defendants James D. Weakley. Counsel each represent that the current dates should be vacated to avoid prejudice to newly

added Defendants. (*See* Docs. 48-1 ¶ 7; 48-2 ¶ 6; 48-3 ¶¶ 5-6).

Based on the parties' representations, and for good cause shown, the Court shall grant the parties' joint stipulated request as modified. In lieu of a scheduling conference, the Court will continue all case management dates set forth in the operative scheduling order, the other terms of which will remain operative.

**Conclusion and Order**

For good cause appearing as recited above, IT IS HEREBY ORDERED that:

1. No later than seven (7) days following entry of this order, Plaintiffs SHALL FILE as a stand-alone docket entry the consolidated complaint proposed in the parties' stipulation (Doc. 46-1);
2. Defendants shall respond to the consolidated complaint within 45 days of its service; and
3. The scheduling order (Doc. 29) is amended as follows:

| Event | Prior Date | Amended Date |
| --- | --- | --- |
| a. Non-Expert Discovery Deadline | 07/14/2025 | **02/06/2026** |
| b. Expert Disclosure Deadline | 07/27/2025 | **02/20/2026** |
| c. Rebuttal Disclosure Deadline | 08/10/2025 | **03/20/2026** |
| d. Expert Discovery Deadline | 08/25/2025 | **04/24/2026** |
| e. Mid-Discovery Status Conference | 04/16/2025 | **12/16/2025** |
| f. Non-Dispositive Motion Filing Deadline | 10/06/2025 | **05/08/2026** |
| g. Non-Dispositive Motion Hearing | 11/13/2025 | **06/16/2026** |
| h. Dispositive Motion Filing Deadline | 11/24/2025 | **07/13/2026** |
| i. Dispositive Motion Hearing | 01/07/2026 | **08/18/2026** |
| j. Pre-Trial Conference | 03/24/2026 | **10/8/2026** |
| k. Trial | 05/18/2026 | **12/8/2026** |

IT IS SO ORDERED.

Dated: **June 5, 2025**

UNITED STATES MAGISTRATE JUDGE

3