UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA SCOTT, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>COUNTY OF KERN, *et al.*, <br><br>　　　　Defendants. | Case No. 1:24-cv-00423-CDB <br><br>ORDER GRANTING DEFENDANTS KERN COUNTY HOSPITAL AUTHORITY, JASPREET SINGH, AND LEONA MARTIN-MORALES' MOTION TO DISMISS <br><br>(Docs. 64, 68, 69) |

Pending before the Court[1] is the motion of Defendants Kern County Hospital Authority ("KCHA"), Jaspreet Singh, and Leona Martin-Morales (collectively, the "Hospital Defendants") to dismiss all state law claims against them asserted in the operative, consolidated amended complaint. (Doc. 51). On August 11, 2025, Plaintiffs Dianna Scott; Keaton Edward Monroe; the Estate of Stephen Ingle, by and through successor in interest C.R.I.; and C.R.I., a minor, by and through guardian ad litem Elizabeth Leal (collectively, "Plaintiffs") filed an opposition to the motion to dismiss, and on August 21, 2025, Hospital Defendants filed a reply. (Docs. 68, 69).

///

///

///

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on September 25, 2024, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 27).

**I.  Background**

    **A.  Procedural History**

On April 9, 2024, Plaintiffs initiated this action with the filing of a complaint against the County of Kern and Defendant Youngblood.  (Doc. 2).  On September 25, 2024, the Court granted the parties' stipulated request to consolidate this action with *Estate of Stephen Ingle, et al. v. Kern County Sheriff's Office, et al.*, Case No. 1:24-cv-00463-KES-CDB.  (Doc. 27).  On June 4, 2025, the Court granted the parties' stipulated request to consolidate this action with *Scott, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00378-CDB, and *Estate of Stephen Ingle, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00377-CDB.  (Doc. 49).  On June 5, 2025, the Court granted the parties' stipulated request for leave for Plaintiffs to file a consolidated complaint.  (Doc. 50).  Plaintiffs filed the consolidated amended complaint (the "operative complaint") on June 12, 2025.  (Doc. 51).

    **B.  Factual Allegations in the Operative Complaint**

In the operative complaint, Plaintiffs allege that Decedent was arrested by the Bakersfield Police Department on March 1, 2023, and held in pre-trial detention at Kern County Jail, Central Receiving Facility ("CRF") in Bakersfield, California.  (Doc. 51 ¶ 51).  That same day, Defendant David Oragwam, a nurse, evaluated Decedent for an intake medical screening.  *Id.* ¶ 52.  Decedent met with Defendant Connor Bray, a classification officer, and expressed concerns relating to a head injury, skull fracture, and withdrawal symptoms resulting from prior substance abuse.  "Despite [Decedent] being at risk of harm," he was housed in a "location where he was exposed to potential hazards."  *Id.* ¶ 53.  On March 2, 2023, at "approximately 1:20 P.M., inmates yelled for a 'man down' from cell A3-5 where [Decedent] was housed.  Defendant [Jesse Norez] responded and observed [Decedent] lying on the ground."  Decedent told Defendant Norez "that he was suffering from withdrawal symptoms."  *Id.* ¶ 54.  That same day, Decedent was evaluated by Defendant Jaspreet Singh, a nurse, "and cleared to remain housed at the CRF.  At that time, [Decedent] complained of his withdrawal symptoms worsening[,] specifically restlessness, feeling cold, body aches, and nausea."  *Id.* ¶ 55.

On March 3, 2023, at 12:08 P.M., Decedent "refused to attend his scheduled court

1    appearance, stating that he was feeling ill" and "declined medical attention." *Id.* ¶ 56. On March
2    4, 2024, at "approximately 8:30 A.M.," custody staff, including Defendants William Hinkle and
3    Robert Winn, responded to another "man down." At the time, Decedent was "housed in a
4    communal cell with seven (7) other inmates." Decedent was unresponsive and "lying on the floor
5    inside the shower stall," fully clothed with the water running. Decedent "had a bleeding laceration
6    on the left side of his head and stated he had 'slipped' while attempting to get into the shower." *Id.*
7    ¶ 57. Decedent was "subsequently transported via ambulance to Kern Medical where he received
8    medical treatment and received eight (8) stitches on the left side of his head," and was then
9    transported back to CRF approximately four hours later. Upon his return, he was evaluated by
10   Defendant Leona Martin-Morales, a nurse, and "cleared to remain housed at the CRF." *Id.* ¶ 58.
11   He was placed in the same communal cell. *Id.* ¶ 59.

12         On March 4, 2023, Decedent was "found hanging in the shower" by Defendants Isaac
13   Quiroz, Kyle McKeever, and Jesse Norez. "Emergency personnel arrived on the scene" where they
14   found Decedent was "unconscious and without a pulse. [Decedent] was rushed to the hospital
15   thereafter" and, "[b]etween transport and arrival to Adventist Health Bakersfield," he was "revived
16   and subsequently admitted into the intensive care unit." *Id.* ¶ 61. Decedent was placed on life
17   support in the intensive care unit from March 4, 2023, to March 29, 2023. Decedent died on March
18   29, 2023. *Id.* ¶¶ 62-63.

19         Defendant Riley Haislip "was assigned to investigate the facts and circumstances
20   surrounding [Decedent]'s death" and "conducted an investigation that served to shield Defendants
21   [Winn, Quiroz, McKeever, Norez, Hinkle, and Bray] from liability." The Kern County Sheriff's
22   Office's ("KCSO") "death review panel acknowledged and recommended that inmates should be
23   referred for mental health services when identified as suffering from withdrawals from alcohol
24   and/or drugs." *Id.* ¶ 64.

25   **II.    Governing Authority**

26         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss
27   a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ.
28   P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star*

1   *Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).  The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).  The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162 n.2 (C.D. Cal. 2003)).  "Nonetheless, a court may consider exhibits submitted with the complaint." *Id*.  In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document;

(2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002). "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

### III. Parties' Contentions

Hospital Defendants contend that all state law claims brought against them in the operative complaint should be dismissed, namely the seventh (negligence – wrongful death), eighth (negligence – medical malpractice), ninth (violation of Cal. Gov. Code § 845.6), tenth (violation of Cal. Civ. Code § 52.1), and twelfth (survival action) causes of action. *See* (Doc. 64).[2] They assert that the Plaintiffs failed to comply with the California Government Claims Act ("CGCA") regarding claims presentation and administrative exhaustion of state law tort claims, a condition precedent to maintaining an action as to said claims against the Hospital Defendants. *Id.* at 7-8.

In opposition to the motion, Plaintiffs contends that they sufficiently complied with the Government Claims Act and, alternatively, equitable estoppel bars Hospital Defendants' argument of noncompliance due to "misleading communication" by the County of Kern. (Doc. 68 at 13-15). Further, Plaintiffs assert that, pursuant to California law, the delayed discovery rule applies because Plaintiffs did not, and reasonably could not, discover that KCHA was a separate entity from the County of Kern. *Id.* at 15-16.

---

[2] The operative complaint includes two "third" causes of action. (Doc. 51 at 32-35). The state law causes of action against Hospital Defendants are, in the operative complaint, labeled as sixth, seventh, eighth, ninth, and eleventh causes of action. Thus, in their motion, it appears that Hospital Defendants increased the numbering of the state law causes of action by an increment of one (*i.e.*, the sixth cause of action in the operative complaint, negligence – wrongful death, is the seventh cause of action in Hospital Defendants' motion) to account for the two "third" causes of action in the operative complaint. The Court will refer to the state law causes of action by the numbering set forth in the Hospital Defendants' motion, unless noted otherwise.

Though Hospital Defendants briefly mention in their notice of motion that Plaintiffs "failed to state sufficient facts to state a claim" as to the aforementioned causes of action, they raise no arguments relating to any failure to state a claim aside from failure to comply with the CGCA. (Doc. 64 at 2). Plaintiffs, regardless, argue that the operative complaint sufficiently pleads the required elements for the state law claims against the Hospital Defendants. (Doc. 68 at 16-19). Plaintiffs request that, if any aspect of Hospital Defendants' motion is granted, they be granted leave to amend. *Id.* at 20-21. Plaintiffs attach to their opposition the declaration of counsel Denisse O. Gastélum (Doc. 68-1), including as exhibits thereto copies of Plaintiffs' claims submitted to the County of Kern prior to initiating litigation (*id.*, Ex. A) and the County of Kern's notices of rejections of the claims (*id.*, Ex. B).

In reply, Hospital Defendants assert that, as KCHA never received notice of the claims, Plaintiffs failed to comply with state law. (Doc. 69 at 2). Hospital Defendants argue that the principles of estoppel do not apply to Plaintiffs' noncompliance with the CGCA as California Government Code § 910.8 did not require the County of Kern to notify Plaintiffs of a "deficiency in their claim related to the submission to another entity." *Id.* at 3-4. Hospital Defendants assert that the "County of Kern was not involved in any misleading conduct when they sent [P]laintiffs a substantive rejection notice," and where "there has been no delivery to[,] or actual receipt by, the proper entity, there is no basis for estoppel." *Id.* at 4-5. Hospital Defendants assert that the "delayed discovery rule applies when [P]laintiffs discovered, or reasonably could have discovered, their injury pertaining to their claim" and "does not apply to [P]lainiffs and/or [P]laintiffs' counsel's knowledge of the law regarding the filing of a lawsuit." *Id.* at 5. Hospital Defendants argue that the only relief from an untimely tort claim is a petition brought pursuant to California Government Code § 946.6, and that the "time has passed for [P]laintiffs to submit a late claim application." *Id.* at 6. Hospital Defendants do not challenge the authenticity of the copies of claims and rejections attached to Plaintiffs' opposition. *See generally id.*

///

///

///

## IV. Discussion

### A. California Government Claims Act

Under California law, in order to assert a tort claim against a public entity or public employee, a plaintiff must allege compliance with the claims presentation requirements of the California Government Claims Act ("CGCA"). *See* Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Fisher v. Pickens*, 225 Cal. App. 3d 708, 718 (1990). "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Pac. Tel. & Tel. Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (1980). The plaintiff bears the burden of ensuring that a claim was properly presented to the appropriate public entity. *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2013 WL 1747917, at *9 (N.D. Cal. Apr. 23, 2013) (citing *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991)).

"Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (1993), *as modified on denial of reh'g* (June 23, 1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"). Claims for "injury to person or to personal property" must be presented within six months after accrual. *See* Cal. Gov't Code § 911.2(a); *City of Stockton v. Super. Ct.*, 42 Cal.4th 730, 738 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. *See* Cal. Gov't Code § 946.

### B. Analysis

Here, California state law plainly establishes KCHA as a separate legal entity from the County of Kern. *See* Cal. Health & Safety Code § 101853 ("Pursuant to this chapter, the board of supervisors may establish by ordinance the Kern County Hospital Authority, which shall be a public

7

1  agency that is a local unit of government separate and apart from the county and any other public
2  entity for all purposes …"). Plaintiffs do not assert that they presented their claims, pursuant to
3  CGCA, to the KCHA. Instead, they state that they presented their claims to the County of Kern,
4  and in support thereof, attach to their opposition brief copies of those claims and the subsequent
5  rejection notices. *See* (Doc. 68-1, Exs. A, B). The operative complaint refers to the claims
6  presented to the County of Kern and the Hospital Defendants do not contest the authenticity of the
7  copies attached to Plaintiffs' opposition. *See* (Doc. 51 ¶ 14; Doc. 69). Thus, the Court will treat
8  the claims and rejection notices attached as exhibits to Plaintiffs' opposition as part of the complaint
9  and assume their contents to be true for purposes of ruling on Hospital Defendants' motion. *See*
10 *Hamilton*, 746 F. Supp.2d at 1168.

11  "The claim presentation requirements of the [CGCA] constitute an element of any cause of
12 action that is subject to [the CGCA]." *Franklin v. City of Kingsburg*, No. 1:18-CV-0824 AWI
13 SKO, 2023 WL 2976285, at *3 (E.D. Cal. Apr. 17, 2023) (citing *California-Am. Water Co. v.
14 Marina Coast Water Dist.*, 86 Cal. App. 5th 1272, 1287 (2022)), *reconsideration denied*, No. 1:18-
15 CV-00824-SKO, 2024 WL 3202424 (E.D. Cal. June 26, 2024); *see DiCampli-Mintz v. Cnty. of
16 Santa Clara*, 55 Cal.4th 983, 990 (2012) ("The filing of a claim is a condition precedent to the
17 maintenance of any cause of action against the public entity and is therefore an *element* that a
18 plaintiff is required to prove in order to prevail.") (citation and quotation omitted; emphasis in
19 original).

20  The California Supreme Court's decision in *DiCampli–Mintz* is instructive. There, the
21 plaintiff was injured during a surgery performed at a hospital owned by the county. Plaintiff's
22 counsel sent a letter to the hospital's risk management department, and did not include any request
23 for it to be forwarded to any of the statutorily-designated recipients set forth in the CGCA. An
24 employee of the risk management department spoke to plaintiff's counsel, acknowledged receipt
25 of the letter, discussed its content, but did not mention the failure to deliver the letter to the
26 appropriate statutory recipient. The plaintiff argued that she had substantially complied with the
27 CGCA by sending the letter, which was received by the risk management department. *See*
28 *DiCampli-Mintz*, 55 Cal.4th at 987-989.

The California Supreme Court rejected this substantial compliance argument, explaining that the plain language of the CGCA required presentation to one of the statutorily-designated recipients or actual receipt by a proper recipient. *Id.* at 992. The Court rejected the lower court's holding that the CGCA could be satisfied by a claimant serving a party who has a duty to notify one of the statutorily-designated recipients, holding that "by focusing on the duty of a public employee in receipt of a claim to forward the claim to the proper agency, [the lower court] inappropriately shifts responsibility for filing a claim with the proper official or body from the claimant to the public entity." *Id.* at 996.

The California Supreme Court held that, even if the public entity in question "has actual knowledge of facts that might support a claim, the claims statutes still must be satisfied." *Id.* at 990 (citation omitted). "Thus, after *DiCampli–Mintz*, either there must be strict compliance with § 915(a) or the only way to 'substantially comply' with § 915(a) is if there is actual receipt of the misdirected claim by one of the statutorily designated recipients (*i.e.*, § 915(e))." *Jefferson*, 2013 WL 1747917, at *9.

It is clear, and Plaintiffs concede, that they presented a claim to the County of Kern but did not present any claim to the KCHA pursuant to the CGCA. *See* (Doc. 68). Plaintiffs advance three arguments in opposing Hospital Defendants' motion regarding failure to comply with the CGCA: (1) even if the KCHA is a separate legal entity from the County of Kern, the "close administrative and operational relationship" between them "means that the County's receipt of the claim necessarily conveyed notice to KCHA" (*id.* at 13); (2) equitable estoppel relieves Plaintiffs from the requirements of the CGCA because the County of Kern never issued a notice of non-compliance nor notified Plaintiffs of the claim being "procedurally defective for failure to name the correct public entity or employee" (*id.* at 13-15); and (3) Plaintiffs did not discover, nor reasonably could have discovered, "that KCHA was a separate entity and that a tort claim had to be filed separately against KCHA until KCHA and the County raised this issue during the course of discovery" (*id.* at 15-16).

First, Plaintiffs cite no authority for the proposition that any purported "close administrative and operational relationship" between the County of Kern and the KCHA resulted in notice to the

9

KCHA via notice upon the County of Kern. Indeed, state law establishes the KCHA as a separate legal entity. *See* Cal. Health & Safety Code § 101853. As explained by the California Supreme Court in *DiCampli-Mintz*, there can be no "substantial compliance" upon the KCHA via satisfactory service of a claim upon the County of Kern; the statutory requirements of the CGCA must still be satisfied and that requires satisfactory delivery of a claim to the statutorily-designated recipients at the KCHA. *DiCampli-Mintz*, 55 Cal.4th at 990. Further, as state law expressly establishes the KCHA as a separate legal entity from the County of Kern, Plaintiffs' argument that they could not reasonably discover that fact is unavailing given its existence is set forth set forth in the California Health and Safety Code, section 101853.

Second, the holding in *DiCampli-Mintz* materially limits the availability of equitable estoppel under the circumstances here and Plaintiffs' citations to California state authority in support of their equitable estoppel argument are not persuasive. If "a claim as presented fails to comply substantially with the Act's requirements, Cal. Gov. Code § 910.8, it triggers various requirements." *Soublet v. Cnty. of Alameda*, No. 18-CV-03738-JST, 2018 WL 6268872, at *3 (N.D. Cal. Nov. 29, 2018) (quotations omitted) (citing *Phillips v. Desert Hosp. Dist.*, 49 Cal.3d 699, 707 (1989)). "Where a document qualifies as 'a claim as presented,' the public entity must give the claimant notice of the defect, *see* Cal. Gov. Code § 910.8, or else waive that defense, *see id.* § 911." *Id.* The aforementioned California state statutes, therefore, do not establish that the County of Kern was required to notify Plaintiffs of a defect or noncompliance regarding their failure to *properly deliver a claim to the KCHA*, only that the County must have given notice of a defect if Plaintiffs' *claim, as properly presented to the County, failed to substantially comply* with applicable requirements. *See Jefferson*, 2013 WL 1747917, at *9 ("The problem here is that *DiCampli–Mintz* puts limitations on any estoppel argument … in *DiCampli–Mintz*, an employee from the County's risk management department responded to the letter from the plaintiff's attorney, engaged in a substantive discussion with the attorney, but never said anything about the claim being presented to the wrong party. In spite of these facts, the California Supreme Court still held in the County's favor.").

Additionally, the Board of Supervisors of the County of Kern and the Board of Governors

of the KCHA are separate entities with different members[3] and, thus, any argument of substantial compliance based on any such facts is unavailing. *See DiCampli-Mintz*, 55 Cal. 4th at 997 ("These cases hold that when the governing body of one public entity is also the governing body of another public entity, a claim against the subordinate entity that is delivered to the governing body constitutes substantial compliance with the claims statute. That is not the case here.").

Plaintiffs do not cite to any authority for the proposition that the substantial compliance doctrine applies differently in the instant action than as set forth by the California Supreme Court in *DiCampli-Mintz*. Plaintiffs concede that they did not deliver their claim to KCHA as required by California state law. *See* (Doc. 68 at 10, 12-13). As such, Plaintiffs fail to plead a necessary element of their claims brought pursuant to state law. Thus, the Court will grant Hospital Defendants' motion as to the sixth, seventh, eighth, ninth, and eleventh causes of action as numbered in the operative complaint. *See Frazier v. City of Fresno*, No. 1:20-CV-01069-ADA-SAB, 2023 WL 4108322, at *37 (E.D. Cal. June 21, 2023) (collecting cases and noting CGCA applies to Cal. Civ. Code § 52.1, insofar as the claim seeks damages); *Shannon v. Cnty. of Sacramento*, No. 2:15-cv-00967-KJM-CKD, 2016 WL 1138190, at *4-5 (E.D. Cal. Mar. 23, 2016) (dismissing survival action for failure to comply with claim-filing requirement of the CGCA); *Hicks v. Hamkar*, No. 2:13-CV-01687-KJM-DB, 2016 WL 5847011, at *8 (E.D. Cal. Oct. 6, 2016) ("To file a claim under section 845.6, a plaintiff must first exhaust the administrative remedies established in the Government Claims Act."), *report and recommendation adopted*, No. 13-CV-01687-KJM-DB, 2017 WL 3105643 (E.D. Cal. July 21, 2017), *clarified on denial of reconsideration*, No. 2:13-CV-01687-KJM-DB PS, 2017 WL 3537254 (E.D. Cal. Aug. 17, 2017); *see also Martinez v. Cnty. of Riverside*, No. EDCV 22-2144 JGB (SHKx), 2023 WL 4680791, at *3 (C.D. Cal. June 8, 2023) ("Because failure to allege compliance with the California Government

---

[3] *Compare* Kern County Board of Supervisors, https://www.kerncounty.com/government/board-of-supervisors (last visited September 29, 2025), *with* Kern County Hospital Authority Board of Governors, https://www.kernmedical.com/about-us/hospital-authority/board-of-governors/ (last visited September 29, 2025).

1 Claims Act is fatal, the Court DISMISSES Plaintiffs' state law claims for failure to comply with California procedures …") (citation and quotation omitted).[4]

### C. Leave to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires" as the purpose of the Rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, courts may, in their discretion, choose to decline leave to amend due to futility, bad faith, undue delay, prejudice to the opposing parties, dilatory motive or conduct, or a repeated failure to cure deficiencies by amendments. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–893 (9th Cir. 2010). A court's discretion in denying leave to amend is particularly broad after plaintiff has already been afforded an opportunity to amend the complaint. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016).

Here, Plaintiffs request leave to amend any claim dismissed. (Doc. 68 at 19-20). Although it is unlikely Plaintiffs could remedy the CGCA deficiencies noted above, given that leave to amend is to be liberally granted, the Court will permit Plaintiffs to amend the sixth, seventh, eighth, ninth, and eleventh causes of action (as numbered in the operative complaint) only to the extent they are able in good faith to cure the defects noted above.

### V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Hospital Defendants' motion to dismiss (Doc. 64) is GRANTED, with leave to amend, as to the sixth, seventh, eighth, ninth and eleventh causes of action (as numbered in the operative complaint) against Hospital Defendants; and

///

---

[4] While the Court acknowledges and does not take lightly the significant implications here for Plaintiffs' failure to properly comply with the claims presentation requirements under the CGCA, for the reasons set forth above, Plaintiffs' arguments that dismissing their state law claims "would subvert the very policy underlying the [CGCA]" (Doc. 68 at 13) are without merit and contrary to *DiCampli-Mintz*. *See Hawkins v. City of Barstow*, No. EDCV 20-557-MWF-SP, 2020 WL 6036322, at *3 (C.D. Cal. Sept. 15, 2020) ("This result [dismissal of claims] is undoubtedly harsh, but the Court's hands are tied by the California Supreme Court's unforgiving construction of the Act's presentment requirement.").

2. A deadline for the filing of any amended complaint shall be set by the Court following completion of the supplemental briefing addressed in the Court's separate order of this date resolving the motion to dismiss brought by County Defendants (Doc. 65).

IT IS SO ORDERED.

Dated:   **October 30, 2025**

UNITED STATES MAGISTRATE JUDGE