UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA SCOTT, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00423-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 83)<br><br>**30-DAY DEADLINE** |

Pending before the Court is a discovery dispute that Plaintiffs Dianna Scott; Keaton Edward Monroe; the Estate of Stephen Ingle, by and through successor in interest C.R.I.; and C.R.I., a minor, by and through guardian ad litem Elizabeth Leal (collectively, "Plaintiffs"), and Defendants County of Kern, Kern County Sheriff's Office, Donny Youngblood, Robert Winn, Isaac Quiroz, Kyle McKeever, Jesse Norez, William Hinkle, Connor Bray, and Riley Haislip (collectively, the "County Defendants") have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 83).

**Relevant Background**

On April 9, 2024, Plaintiffs initiated this action with the filing of a complaint against the County of Kern and Defendant Youngblood. (Doc. 2). The action ultimately was consolidated

1 with three other actions and Plaintiffs filed the consolidated amended complaint (the "operative
2 complaint") on June 12, 2025. (Doc. 51).

3       In the operative complaint, Plaintiffs allege that Stephen Ingle ("Decedent") was arrested
4 by the Bakersfield Police Department on March 1, 2023, and held in pre-trial detention at Kern
5 County Jail, Central Receiving Facility ("CRF") in Bakersfield, California. (Doc. 51 ¶ 51). The
6 individually named defendants are CRF staff, including nurses and correctional officers, alleged to
7 have demonstrated deliberate indifference in connection with their custody and care of Decedent
8 in the weeks leading to his death by suicide on March 29, 2023. In addition to causes of action
9 asserted pursuant to 42 U.S.C. § 1983 and state law against the individually named defendants,
10 Plaintiffs assert claims pursuant to *Monell v. Department of Social Services* against the
11 organizational Defendants (County of Kern, Kern County Sheriff's Office, and Kern County
12 Hospital Authority).

13       Relevant here, on October 30, 2025, the Court granted in part County Defendants' motion
14 to dismiss most of Plaintiffs' claims, finding that Plaintiffs failed to plead sufficient facts supporting
15 any reasonable inference that County Defendants demonstrated deliberate indifference. (Doc. 73).
16 Plaintiffs were granted leave to amend and the deadline for the filing of any amended complaint
17 was deferred pending the parties' filing of supplemental briefing and the Court's resolution of
18 County Defendants' motion to dismiss Plaintiffs' survival action claim.

19       On December 11, 2025, following meet and confer efforts between the parties, counsel for
20 County Defendants requested to convene for an informal discovery dispute conference to resolve
21 disputes concerning certain of Plaintiffs' responses to County Defendants' interrogatories and
22 requests for production of documents. (Doc. 82). The parties thereafter filed a joint letter brief
23 addressing the discovery disputes. (Doc. 83). The Court convened via Zoom for an informal
24 discovery dispute videoconference on December 16, 2025. (Doc. 84). At the conference, the
25 parties agreed to resolution of the identified discovery disputes outside the framework of Local
26 Rule 251.

27       For the reasons addressed and preserved on the record during the conference and further
28 detailed herein, the Court rules as follows:

**Governing Authority**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, a party responding to an interrogatory is obligated to respond to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." *Franklin v. Smalls*, No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[1], at 33–72 (3rd ed. 2012)). "Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal. Jan. 23, 2024) (citation omitted).

Additionally, in response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

**Discussion**

In general, County Defendants challenge Plaintiffs' responses to virtually all of County Defendants' interrogatories and requests for production of documents. The interrogatories largely are "contention interrogatories" that prompt Plaintiffs to identify facts and the alleged conduct or omitted conduct per defendant that supports Plaintiffs' claims and allegations. The requests for production of documents largely call on Plaintiffs to produce documents upon which they rely or reference in connection with their answers to the interrogatories. *See generally* (Doc. 83-1).

Plaintiffs assert a variety of objections to County Defendants' discovery demands and advance arguments for the proposition that they need not respond with any further particularity given that discovery is ongoing. To take one example: in Interrogatory No. 1 by Defendant Bray, Plaintiffs are called upon to "identify material facts and documents supporting your claim … that (Decedent) expressed concerns to Defendant [] Bray regarding a traumatic head injury, skull fracture and withdrawal symptoms related to his prior substance abuse." In response, Plaintiffs: (1) objected as vague, compound, and overly broad; (2) noted that the case was in an "early stage" and the information sought was "more appropriately the subject of [Rule 26(a)] disclosures"; (3) objected as the interrogatory "seeks to improperly lock Plaintiff into a comprehensive legal and factual theory prior to the completion of discovery"; (4) referred to and purported to incorporate an allegation of the complaint.

Because the parties' disputes involve more than 100 interrogatories and requests for production of documents across the eight individually named defendants and given the commonality of the deficiencies in many if not most of Plaintiffs' responses to the discovery demands, the Court will offer below general guidelines to govern Plaintiffs' preparation of amended discovery responses.

///

///

### A. Improper Boilerplate Objections

Plaintiffs' objections that the discovery demands are vague, compound, and overly broad, are without merit and overruled because they are perfunctory and not, as required under Rules 33 and 34, based on specific arguments that show why the request is vague, compound, or would impose a burden that is out of proportion to the needs of the case. *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(B) (requiring that objections be stated "with specificity"); *see also Moose Hills, LLC v. Enel Kansas, LLC*, No. 2:22-cv-01488 MCE AC, 2023 WL 3437189, at *4 (E.D. Cal. May 12, 2023) ("General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection []") (citing *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

### B. Proper Demand for Material Facts

Plaintiffs erroneously object to County Defendants' interrogatories on the grounds that each "improperly requires a recitation of all supporting facts and evidence." To the contrary, the interrogatories expressly are limited to Plaintiffs' identification of "material facts" only. Thus, while contention interrogatories "are generally considered overbroad and unduly burdensome because they call for an answering party to provide a narrative account of its case … [c]ourts often resolve objections to contention interrogatories by requiring the answering party to identify the principal or material facts that are responsive to the discovery request." *Fredrics v. City of Scottsdale*, No. CV-21-00001-PHX-MTL, 2022 WL 60546, at * 1 (D. Ariz. Jan. 6, 2022) (internal quotations and citations omitted); accord *Kilby v. CVS Pharm., Inc.*, No. 09cv2051-MMA(KSC), 2019 WL 977874, at *3 (S.D. Cal. Feb. 28, 2019).

### C. Improper Reference to and Incorporation of Complaint Allegations

"An answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Fredrics*, 2022 WL 60546, at * 1 (citation omitted); accord *Kilby*, 2019 WL 977874, at *3. In short, Plaintiffs' answers to the interrogatories must be responsive and should not refer to or incorporate extrinsic documents.

**D. Improper Objection that Response Requires Premature Narrative**

Plaintiffs may not resist responding to interrogatories on the grounds that discovery is ongoing. Thus, a party is required "to respond to all of the subject interrogatories to the fullest extent possible based on the information she had at the time the responses were due, even though she intended to supplement them later with information compiled by experts." *Kilby*, 2019 WL 977874, at *4. Plaintiffs' objections to the interrogatories on the grounds that responding purportedly requires a premature narrative are overruled. *See id.* at *3-4 (rejecting objection that "interrogatory is premature in that factual discovery is not yet complete").

**E. Requests for Production of Documents**

County Defendants also propounded a request for production of documents upon each individually named defendant seeking documents "identified" in Plaintiffs' interrogatory responses and directing that documents previously "produced in discovery should be identified by bates number and do not need to be reproduced."

County Defendants do not cite authority for the proposition that a party responding to discovery demands must identify responsive documents previously produced by Bates number. The Court acknowledges the practical difficulties County Defendants may confront deciphering Plaintiffs' amended responses that, based on the parties' representations during the discovery dispute conference, likely will implicate documents from County Defendants' own voluminous production. Nevertheless, the text of neither Rule 26 nor Rule 34 imposes a requirement akin to what County Defendants have demanded – precise identification (*i.e.*, by Bates number) of documents responsive to the request.

Counsel for Plaintiffs during the discovery dispute conference expressed agreement to a proposal offered by the Court that Plaintiffs' amended responses implicating any documents already produced by County Defendants identify by category/type those documents. Thus, for instance, if Plaintiffs' response to any interrogatory relies upon investigative reports, surveillance camera footage, witness statements, or other materials produced by County Defendants, Plaintiffs shall so indicate in their amended responses.

///

**Conclusion and Order**

Accordingly, Plaintiffs' objections set forth in their responses to County Defendants' interrogatories and requests for production of documents are OVERRULED.

Within 30 days of entry of this order, Plaintiffs SHALL SERVE amended responses to County Defendants' interrogatories and requests for production of documents consistent with this order.

IT IS SO ORDERED.

Dated: __December 17, 2025__                    _____
                                                                       UNITED STATES MAGISTRATE JUDGE