UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA SCOTT, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00423-CDB<br><br>ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS REGARDING SURVIVAL ACTION AND WRONGFUL DEATH CLAIMS<br><br>(Docs. 65, 75-79)<br><br>ORDER GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT<br><br>**30-Day Deadline** |

On October 30, 2025, the Court issued its order granting in part the motion to dismiss filed by Defendants County of Kern, Kern County Sheriff's Office, Donny Youngblood, Robert Winn, Isaac Quiroz, Kyle McKeever, Jesse Norez, William Hinkle, Connor Bray, and Riley Haislip (collectively, the "County Defendants"). (Doc. 73). In its order, the Court deferred ruling on the motion as it pertained to Plaintiffs' twelfth cause of action (survival action), observing that it was unclear what the positions of the parties are as to the issue of minor Plaintiff C.R.I.'s standing to bring survival claims. As compliance with applicable state law may implicate Plaintiffs' standing to bring survival claims, the Court directed the parties to submit supplemental briefing. *Id.* at 35-37. Plaintiffs and County Defendants timely filed their supplemental briefing. (Docs. 75-79).

## I. Background

In response to the Court's order for supplemental briefing, Plaintiffs filed three declarations, one each for Keaton Edward Monroe, Dianna Scott, and minor Plaintiff C.R.I., through guardian ad litem Elizabeth Leal. (Docs. 75-77). For both Plaintiffs C.R.I. and Monroe, the declarations provide that each is a natural children of decedent Stephen Ingle ("Decedent") and, therefore, successors in interest pursuant to California Code of Civil Procedure § 377.11. C.R.I. and Monroe identify in their declarations the Decedent's date and location of death; attach a copy of Decedent's death certificate; attest that no other persons besides C.R.I., Monroe, Dianna Scott, and Sadie Irene McCormick have a superior right to commence this action or to be substituted for the Decedent; and declare that no other proceeding is pending in California for administration of Decedent's estate. *See* (Docs. 75, 77). The attached death certificate reflects that Sadie Irene McCormick is Decedent's surviving spouse. (Doc. 75-1 at 2; Doc. 77 at 4).

Plaintiff Dianna Scott similarly identifies Decedent's date and location of death; attaches a copy of Decedent's death certificate; attests that she is the natural mother of Decedent and that no other individuals besides C.R.I., Monroe, Sadie Irene McCormick, and herself have a superior right to commence this action or to be substituted for the Decedent; and declares that no other proceeding is pending in California for administration of Decedent's estate. *See* (Doc. 76).

Plaintiffs filed a supplemental brief accompanying their declarations. (Doc. 78). In their brief, Plaintiffs assert that, by filing their declarations, they have satisfied the California state statutory requirements for bringing an action as a successor in interest. *Id.* at 8-9 (citing Cal. Civ. Proc. Code § 377.32). Plaintiffs assert that C.R.I. and Monroe are, therefore, appropriately named as Decedent's successors in interest. *Id.* at 9-11. Plaintiffs contend that Dianna Scott, as Decedent's mother, "does not assert standing to pursue the survival claim in her own right, but remains a proper plaintiff as an heir entitled to recover under her independent wrongful death claim … and her Fourteenth Amendment claim for loss of familial association." *Id.* at 11 (citing Cal Civ. Proc. Code § 377.60 & *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105–06 (9th Cir. 2014)). Plaintiffs describe Decedent's surviving spouse as "estranged." *Id.*

In their response to Plaintiffs' supplemental briefing, County Defendants assert that C.R.I. and Monroe "may have satisfied the requirement to establish their standing to bring the survival claims" but Scott "does not meet the requirements to be [D]ecedent's successor in interest, even though she filed a declaration claiming she meets the requirements." County Defendants question whether Decedent's surviving spouse "should be joined for any of the survival or wrongful death claims in this case." (Doc. 79 at 4). County Defendants contend that Plaintiffs set forth "no allegations in the [c]onsolidated [c]omplaint or the declarations filed by the Plaintiffs supporting [the] assertion" that Decedent's surviving spouse is "estranged." County Defendants argue that, without allegations in the operative complaint or in the declarations that the marital relationship was not in place at the time of Decedent's death, the survival claims would most likely be considered community property. *Id.* at 3. According to County Defendants, regardless, Decedent's spouse would be a successor in interest and is not a party to this case. They assert that California law permits only one action for wrongful death, in which all heirs are necessary parties. *Id.* at 3-4 (citing *Cross v. Pac. Gas & Elec. Co.*, 60 Cal.2d 690, 694 (1964) & *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997)).

## II.   Governing Law

Survivors may bring claims arising under 42 U.S.C. § 1983 "if the relevant state's law authorizes a survival action. Under California's survival statute, a cause of action for or against a person is not lost by reason of the person's death but survives subject to the applicable limitations period. A decedent's successor in interest has standing to bring any causes of action that the decedent himself could have asserted." *Thao v. Swarthout*, No. 2:21-CV-00731-DC-AC, 2024 WL 5247219, at *5 (E.D. Cal. Dec. 30, 2024) (citing Cal. Civ. Proc. Code § 377.20; *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013); & *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1052 (9th Cir. 2018)).

In California, "the plaintiff has the burden to establish standing under the survival statute." *Feliz v. Cnty. of Orange*, No. SACV 10-1664-CJC (MLGx), 2012 WL 12887770, at *2 (C.D. Cal. Mar. 13, 2012). Where "there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest

3

satisfies the requirements of California law …" *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing Cal. Civ. Proc. Code §§ 377.30, 377.32).  In contrast, a wrongful death action may be brought "by decedent's personal representative or any of a defined list of persons that includes a decedent's spouse, children, or heirs." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 370 (9th Cir. 1998), *as amended* (Nov. 24, 1998) (quotations omitted; citing Cal. Civ. Proc. Code § 377.60).  Decedent's "parents may sue for the wrongful death of their child 'if they were dependent on the decedent.'" *Chavez v. Carpenter*, 91 Cal. App. 4th 1433, 1445 (2001) (citing Cal. Civ. Proc. Code § 377.60(b)).

"While each heir designated in section 377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint, single and indivisible and must be joined together in one suit." *Corder v. Corder*, 41 Cal. 4th 644 (2007).  Federal courts in California have held that absent heirs are necessary parties in wrongful death cases.  *See*, *e.g.*, *A.D. v. California Highway Patrol*, No. C 07-5483 SI, 2009 WL 733872, at *5 (N.D. Cal. Mar. 17, 2009); *Est. of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008).  Thus, "[a]n heir who brings a wrongful death action has 'a mandatory duty to join all known omitted heirs in the "single action" for wrongful death.'" *A.D.*, 2009 WL 733872, at *4 (quoting *Ruttenberg*, 53 Cal. App. 4th at 808).

Joinder of required parties is governed by Rule 19 of the Federal Rules of Civil Procedure. Rule 19 sets forth in relevant part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

4

Fed. R. Civ. P. 19(a). "When considering whether to dismiss an action for failure to join a purportedly indispensable party, the court must follow the three-step process set forth in Rule 19. The court must first determine whether the absent party is 'necessary.' If the absent party is 'necessary,' the court must determine whether joinder is 'feasible.' Finally, if joinder is not 'feasible,' the court must decide whether the absent party is 'indispensable,' *i.e.*, whether in 'equity and good conscience' the action can continue without the party. *Est. of Burkhart*, 2008 WL 4067429, at *6 (citing *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999)).

### III. Discussion

#### A. Survival Action

##### i. Standing

Both C.R.I and Monroe's declarations satisfy California Code of Civil Procedure § 377.32. *See* (Docs. 75, 77). The Court concludes that, at this stage of the proceedings, C.R.I. and Monroe have met their initial burden of demonstrating they have standing to bring claims pursuant to 42 U.S.C. § 1983 as Decedent's successors in interest. *See Kaplan v. Cnty. of Kern*, No. 1:14-CV-00206-DAD-JLT, 2016 WL 3196740, at *2 (E.D. Cal. June 8, 2016) (finding daughter was a proper party and her mother's successor in interest where daughter filed declaration pursuant to Cal. Civ. Proc. Code § 377.32 establishing daughter was "one of her mother's successors in interest, as defined in Section 377.11 of the California Code of Civil Procedure, and she succeeds to her mother's interest in this action or proceeding").

As to Plaintiff Dianna Scott, it is clear and Plaintiffs concede (*see* Doc. 78) that she, as the natural mother of Decedent, lacks standing to bring any survival action claims as a successor in interest of Decedent. Decedent died intestate and, thus, the beneficiary of his estate pursuant to applicable state law would be persons who succeed to a cause of action under California Probate Code §§ 6401-6402. Under § 6402, all assets that do not first pass to the surviving spouse pass to the issue of the Decedent; only if there are no surviving issue do said assets pass to the Decedent's parents. Cal. Prob. Code § 6402(a)-(b). Because Decedent died intestate with surviving issue, any claims passed to Decedent's wife and surviving children, rather than to Decedent's parents. *See M.D. v. Cnty. of San Bernardino*, No. 5:22-CV-01357-SP, 2025 WL 3256463, at *13 (C.D. Cal.

1 Nov. 14, 2025) (finding under California law that parents of decedent who died intestate with
2 surviving wife and child lacked standing to bring any survival claim as successors in interest).

3 Thus, Plaintiffs C.R.I. and Keaten Edward Monroe have standing to bring survival action
4 claims as successors in interest of Decedent and Plaintiff Dianna Scott lacks standing to bring
5 survival actions claims. It follows that, in any amended complaint, Scott may assert section 1983
6 claims pursuant only to her individual Fourteenth Amendment rights (*i.e.*, for loss of familial
7 association). *See McGinnis v. Cnty. of Sonoma*, No. 21-CV-09499 SI, 2023 WL 2743578, at *2
8 (N.D. Cal. Mar. 30, 2023) (noting plaintiffs have individual rights under the Fourteenth
9 Amendment which would not have been violated had decedent not died, such claims are not
10 survivorship claims, and granting leave to amend to clarify the constitutional basis of claims
11 asserted).

*ii.   Decedent's Spouse*

13 Though County Defendants appear to suggest that failure to include Decedent's surviving
14 spouse as part of the survival action claims may implicate community property issues (*see* Doc.
15 79), County Defendants do not cite to authority that a surviving spouse has a right superior to that
16 of a surviving child or that any such right supersedes the rights of a surviving child to bring a
17 survival action.

18 As County Defendants have failed to demonstrate how any interest held by Decedent's
19 spouse is superior to that of Plaintiffs C.R.I. and Monroe, the Court finds that the survival claims
20 may proceed without the presence of Decedent's surviving spouse as party to this action. *See Est.*
21 *of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387, at *5 (E.D. Cal. May 21,
22 2020) ("The Court is unaware of any cases that have applied the [wrongful death] 'one action rule'
23 or something like it to survival claims under § 377.30. Survival actions are not new. It seems likely
24 that, if all beneficiaries must pursue survival claims together as successors in interests, that rule
25 would have been expressly recognized before now."); *Saldivar v. Wright*, No. 2:20-CV-02081-
26 CAS-PD, 2022 WL 19236738, at *4 (C.D. Cal. Dec. 8, 2022) (finding that "even if [the estranged
27 spouse] is the proper successor in interest to decedent's community property, Defendants have not
28 established that [said spouse's] right to the community property entitles her to all damages resulting

from the survival claim … other provisions of the survival statute indicate that a single successor in interest may properly commence an action, even if other beneficiaries exist.") (quotations omitted; citing *R.A. ex rel. Penrose v. Morris*, No. 5:14-CV-0077-ODW PJW, 2015 WL 1191266, at *5 (C.D. Cal. Mar. 16, 2015), & *Bhandari v. Nat'l City*, No. 3:21-CV-01652-BTM-MDD, 2022 WL 1308034, at *3 (S.D. Cal. May 2, 2022)).

### B. Wrongful Death Claims

#### *i. Standing*

Turning to the wrongful death claims, each heir of a decedent has a "personal and separate cause of action, and a separate rather than a joint interest." *Ruttenberg*, 53 Cal. App. 4th at 807-08. "However, the wrongful death cause of action is considered joint and indivisible because … damages awarded should be in a lump sum, and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. An heir who files a wrongful death action is required to properly join all known heirs in the action." *Est. of Burkhart*, 2008 WL 4067429, at *7 (quotations omitted; citing *Helling v. Lew*, 28 Cal. App. 3d 434, 438 (Ct. App. 1972) & *Cross*, 60 Cal.2d at 692-93).

It is clear from the plain statutory language that Plaintiffs C.R.I. and Monroe, as surviving children of the Decedent, may bring wrongful death claims. *See* Cal. Civ. Proc. Code § 377.60(a).

However, Plaintiff Dianna Scott, as Decedent's mother where Decedent has surviving children, may sue for the wrongful death of Decedent only if she was "dependent on the [D]ecedent." *Chavez*, 91 Cal. App. 4th at 1445 (citing Cal. Civ. Proc. Code § 377.60(b)). Neither Scott's declaration nor Plaintiffs' supplemental brief includes any facts setting forth that Scott was "dependent" on Decedent. *See* (Docs. 76, 78). The Court acknowledges the allegation in the consolidated amended that Scott was dependent on Decedent for the "necessities of life." (Doc. 51 ¶ 18).

Accordingly, for Scott to have standing to bring wrongful death claims in any amended complaint, Plaintiffs must assert therein her dependence on Decedent. *See Cnty. of San Bernardino*, 2025 WL 3256463, at *14 ("According to the plain language of the statute, in the event decedent has living children, decedent's parents lack standing to pursue a wrongful death action unless they

were dependent on the decedent.") (citing Cal. Civ. Proc. Code § 377.60); *cf. id.* at *14 ("Here, decedent had a minor child, M.D. … Plaintiffs do not allege that [the parents] were financially dependent on decedent. Nor have [the parents] submitted any evidence that they were financially dependent on decedent. As such, they lack standing to bring claims against defendants for wrongful death.") (citations omitted).

### *ii. Decedent's Spouse*

As an heir under the applicable state law, the Court finds that Decedent's spouse, Sadie Irene McCormick, is a "necessary" party. *See Backer v. United States*, No. 1:13-CV-1552 AWI GSA, 2014 WL 4267500, at *3 (E.D. Cal. Aug. 29, 2014) ("There is no dispute that both C.B. and T.B. are heirs of the Decedent. Nor is there a dispute that all heirs must be joined into one wrongful death lawsuit under California law. Federal courts have generally held that in wrongful death cases, absent heirs are considered 'necessary' parties.") (citations omitted). "However, courts have also held that where an absent heir's claims are time-barred, the absent heir is not indispensable." *Id.* (citing *California Highway Patrol*, 2009 WL 733872, at *12-13, & *Est. of Burkhart*, 2008 WL 4067429, at *21-22).

Here, it is unclear from the parties' filings whether Sadie Irene McCormick satisfied the applicable state statutory requirements regarding filing of administrative claims prior to bringing an action under state law. Plaintiffs note that Decedent was estranged from his spouse at the time of death and County Defendants raise the issue of Decedent's spouse as a possible necessary party, but neither Plaintiffs nor County Defendants address whether joinder of Decedent's spouse is feasible and whether she is an indispensable party. *See* (Docs. 78, 79).

The cases of *A.D. v. California Highway Patrol* and *Estate of Burkhart* are instructive. In those actions, the court found that, because the absent heir's claims were time-barred, it was equitable and proper to permit the action to proceed without the missing heirs, even if they were "necessary" parties. In *A.D.*, the court noted the missing heir and necessary party could not feasibly be joined due to the heir's failure to file an administrative claim pursuant to state law. The necessary party was not indispensable due to being ineligible for relief for failure to timely file any such administrative claim and, thus, any relief awarded could only go to the named heirs, with any

8

judgment therefore not being prejudicial. *A.D.*, 2009 WL 733872, at *5.

In *Estate of Burkhart*, the court found as follows:

> Here, the missing heirs are not eligible for relief, and if any relief is to be awarded, it could go only to Sally Burkhart and David Burkhart, who filed timely administrative claims and the present lawsuit. Similarly, the missing heirs cannot claim an interest in the action. Thus, a judgment rendered in their absence would not prejudice them or the existing plaintiffs, and the absence of the missing heirs would not prevent the court from fashioning meaningful relief.

*Est. of Burkhart*, 2008 WL 4067429, at *22.

The facts before the Court suggest that any wrongful death claims that may be brought by Decedent's spouse are likely barred due to failure to comply with the governing claims presentation requirements under state law. *See Gracia v. Cnty. of Kern*, No. 1:23-CV-1104-JLT-BAM, 2025 WL 303859, at *2 (E.D. Cal. Jan. 27, 2025) (noting lack of claim presentation from absent necessary party and observing that courts "have found joinder not feasible in circumstances where the missing heirs had failed to file the requisite government claims"), *report and recommendation adopted*, No. 1:23-CV-01104 JLT BAM, 2025 WL 510357 (E.D. Cal. Feb. 14, 2025).

However, the Court lacks information, allegations, or a supporting declaration to make any such determination. Pursuant to Rule 19(a)(2), "[i]f a person has not been joined as required, the court must order that the person be made a party." Thus, the Court will grant Plaintiffs leave to file an amended complaint. In any such complaint, Plaintiffs must either join Decedent's spouse as a party to the wrongful death claims or assert additional facts establishing why joinder is not required. *See id.* at *3 (granting leave to amend and directing plaintiff to join necessary party or allege facts setting forth why they need not do so).

**IV.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Within 30 days** of entry of this order, Plaintiffs SHALL FILE a second amended consolidated complaint.

2. Any such amended complaint must remedy the deficiencies identified herein, as well as the deficiencies identified in the Court's orders granting the Hospital

9

Defendants' motion to dismiss (Doc. 74) and granting in part County Defendants' motion to dismiss (Doc. 73).

IT IS SO ORDERED.

Dated:   **December 17, 2025**

UNITED STATES MAGISTRATE JUDGE